and completely to all requests for information by the District
Court and U.S. Probation Office in this case.  All such
disclosures, however, shall be made subject to the provisions
constraining the use of this information by the District Court
and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and
the commentary thereto.  Notwithstanding the provisions of
U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S.
Attorney agrees to take the position that at the time of
sentencing information provided by Defendant pursuant to this
Agreement should not be used either in determining where within
the applicable guideline range to sentence Defendant or in
determining whether, or to what extent, a departure from the
Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached
this Agreement by making any false, incomplete or misleading
statement, or by providing any false, incomplete or misleading
information to any law enforcement personnel, grand jury or
court, the U.S. Attorney may terminate this Agreement as set
forth below, and may also prosecute Defendant for any and all
offenses that could be charged against him in the District of
Massachusetts, including, but not limited to, false statements
and perjury.

7.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their
respective calculations under the Sentencing Guidelines are not
binding upon the U.S. Probation Office or the sentencing judge.
Within the maximum sentence which Defendant faces under the
applicable law, the sentence to be imposed is within the sole
discretion of the sentencing judge.  Defendant's plea will be
tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B).  Defendant may
not withdraw his plea of guilty regardless of what sentence is
imposed.  Nor may Defendant withdraw his plea because the U.S.
Probation Office or the sentencing judge declines to follow the
Sentencing Guidelines calculations or recommendations of the
parties.  In the event that the sentencing judge declines to
follow the Sentencing Guidelines calculations or recommendations
of the U.S. Attorney, the U.S. Attorney reserves the right to
defend the sentencing judge's calculations and sentence in any
subsequent appeal or collateral challenge.

8.    Information For Presentence Report

Defendant agrees to provide all information requested by the
U.S. Probation Office concerning his assets.

9.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

10.    Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.  Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated February 26, 2004 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

7

13.    Complete Agreement

This letter contains the complete agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated February 26, 2004.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated February 26, 2004. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the
U.S. Attorney and Defendant, please have Defendant sign the
Acknowledgment of Agreement below.   Please also sign below as
Witness.   Return the original of this letter to Assistant U.S.
Attorney Seth P. Berman.

                         Very truly yours,

                         MICHAEL J. SULLIVAN
                         United States Attorney

                    By:

                         JAMES B. FARMER
                         Assistant U.S. Attorney
                         Chief,
                         Criminal Division

                         STEPHEN P. HEYMANN
                         Assistant U.S. Attorney
                         Deputy Chief,
                         Criminal Division

                         SETH P. BERMAN
                         Assistant U.S. Attorney

9

<u>ACKNOWLEDGMENT OF PLEA AGREEMENT</u>

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.


_____
GERALD NASTARI
Defendant

Date:_____


I certify that GERALD NASTARI has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.


_____
PAGE KELLEY, ESQ.
GERALD NASTARI

Date:_____

10