UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10161-01 PBS |
| | ) | |
| GERALD NASTARI | ) | |
| | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE

Defendant, Gerald Nastari, respectfully submits this memorandum in aid of sentencing. The defendant moves first (part A) that the Court not apply the United States Sentencing Guidelines (hereinafter "Sentencing Guidelines" or "Guidelines") to this case, in light of Blakely v. Washington, 124 S.Ct 2431 (2004). If the Court concludes that the Guidelines may be used for advisory purposes, that the Guidelines are severable, or that Blakey has no impact on the Guidelines, the defendant submits that his Offense Level should be 23, not 26, as probation has concluded (part B). Finally, the defendant moves for a downward departure under U.S.S.G. §§ 5H1.3 and 5K2.0 (a) (4), due to the exceptional impact which the defendant's untreated mental illness had on the defendant's decision to commit the offense (part C).

A.   This Court should not apply the United States Sentencing Guidelines to the defendant's case.

The defendant previously filed a motion requesting that the Court hold the Sentencing Guidelines to be unconstitutional. The defendant argued that the holding in the recent case of Blakely v. Washington, supra, renders the Sentencing Guidelines unconstitutional because the Guidelines permit the imposition of sentences above the statutory maxima based on factual findings made by a judge by a preponderance of the evidence standard, in violation of the Sixth

and Fifth Amendments to the United States Constitution. The defendant further maintained that the unconstitutional provisions of the Guidelines are not severable from the remainder of the system.

The defendant objects to the Court's applying the Guidelines to his case and rests on his previously-filed motion for this argument.

B.    If the Guidelines apply, the defendant's Total Offense Level is 23.

If the Court wishes to determine Mr. Nastari's Total Offense Level under the Guidelines for any purpose, either because the Court intends to sentence the defendant under the Guidelines, because the Court wishes to use the Guidelines in an advisory fashion, or because the Court holds that under Blakely, supra, the Guidelines are severable and in some way apply to Mr. Nastari's case, then the defendant asserts that under the Guidelines, his Total Offense Level is 23, for the following reasons.

Mr. Nastari pled guilty on May 25, 2004 to an Information charging him with bank robbery. He agrees that under § 2B3.1 (a) of the Guidelines, his Base Offense Level is 20, and he receives a two-level increase because the property of a bank or financial institution was taken, see § 2B3.1 (b) (1).

The Presentence Report recommends a five-level increase for the possession of a firearm during the offense, see P.S.R., p. 6. Mr Nastari has denied brandishing or possessing a firearm as it is defined in U.S.S.G. § 1B1.1 application note (G), which requires that a firearm be capable of expelling a projectile by the action of an explosive. During the offense, Mr. Nastari possessed an airgun, which does not fit the definition of a firearm. Mr. Nastari has further related that to the best of his knowledge, the second man involved in the offense was carrying

the barrel of a small gun, which did not have a handle or trigger apparatus. Neither of these alleged weapons fits the definition of a  firearm under the application note above. The airgun cannot fire by means of an explosive, and the barrel of a gun is not "the frame or receiver" of a firearm.

Further, Mr. Nastari did not plead guilty to anyone's possessing a firearm.[1] The Information alleges Mr. Nastari  possessed "a dangerous weapon, namely an item that appeared to be a firearm." "An item that appeared to be a firearm" is not a firearm.

If the Court finds that Blakely v. Washington, supra, does not invalidate the Guidelines in their entirety, but only precludes the imposition of sentences above the statutory maxima based on factual findings made by a judge by a preponderance of the evidence standard, then the defendant asserts that the Court may not now engage in any additional judicial fact-finding concerning the possession/brandishing of a firearm. As the defendant did not plead guilty to possessing or brandishing a firearm, the Court may not now supplement the record to find that he or his co-participant did so.

Alternatively, if the Court simply applies the Guidelines, pre-Blakely, to this case, the facts described above do not support a finding by a preponderance of the evidence that a firearm as defined in the Guidelines was brandished or possessed.

Therefore the Court may impose only a three level increase under § 2B3.1 (2)(E), for the defendant's brandishing or possessing a dangerous weapon.

---

[1]At the time of this writing, counsel does not have a transcript of the plea hearing, although she expects to receive the transcript on Friday, October 22. Any references to the plea hearing are from counsel's memory of what transpired there. If counsel does not receive the transcript before the hearing, she reserves the right to move for a continuance of the sentencing hearing.

The defendant admitted at the plea hearing that the amount of cash taken in the robbery was $40,541; according to the loss table in § 2B3.1(b)(7), this results in a one-level increase. The Presentence Report recommends a two-level increase because in addition to the cash, the defendant admitted that checks in the amount of $26,244 were taken, resulting in a higher score on the loss table. The checks, however, were never proven to have any "value" under Application Note 3,[2] therefore the defendant is only liable for the amount of currency taken.

The Probation Officer asserts in the Presentence Report that she investigated the "loss" the bank suffered and concluded that the bank did lose the amount of money represented by the checks. See P.S.R., pp. 35-36. As set out above, this type of fact-finding is precluded by Blakely, supra; the Court may not now simply credit hearsay information provided by a probation officer as proof beyond a reasonable doubt and punish the defendant for facts to which he did not plead guilty.

The government has represented that it will request a three level downward departure for defendant's acceptance of responsibility. Therefore, because the defendant should receive only a three level increase for brandishing or possessing a dangerous weapon, a one level increase for the amount of cash taken, and a three level downward departure based on acceptance of responsibility, his Total Offense Level is 23.

C.    The defendant should receive a downward departure because at the time of the offense, his untreated mental illness played a significant role in his decision to commit the bank robbery and his conduct during the robbery.

---

[2] Application Note 3 reads, "'Loss' means the value of the property taken, damaged, or destroyed." It was never proven that the bank "lost" the money that the checks represented.

U.S.S.G. § 5H1.3 states that mental and emotional conditions "are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range, except as provided in Chapter 5, Part K, Subpart 2 (Other Grounds for Departure)." § 5K2.0 (a)(4) states that an offender characteristic identified as "not ordinarily relevant in determining whether a departure is warranted may be relevant to this determination only if such offender characteristic or other circumstance is present to an exceptional degree."

In this case, the defendant's "mental condition" should be considered by this Court as the basis for a downward departure because at the time of the offense, the defendant was suffering from an untreated mental disease that played a causative role in the defendant's commission of the crime. The defendant submits the report of Dr. Judith Edersheim, J.D., M.D. in support of this argument. Because Dr. Edersheim's report contains extremely intimate details about the defendant's personal and mental health history, the defendant has filed the report under seal, and does not refer further to it here.

<div style="display:flex">

CERTIFICATE OF SERVICE
I, Page Kelley, hereby certify that a true copy of the above document was served upon Assistant United States Attorney Seth Berman and U.S. Probation Officer Susan Walls by delivery on October 20, 2004.

Page Kelley

GERALD NASTARI
By his attorney,

Page Kelley
B.B.O. #548237
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

</div>